**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT SWINT,**

    **Plaintiff,**

vs.                                                     **Case No. 4:21cv206-MW-MAF**

**ALMA JEHOSEFAT MENA, et al.,**

    **Defendants.**

                                         /

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, who is a non-prisoner apparently residing in Oregon, submitted a pro se, handwritten "complaint" to this Court in mid-May 2021. ECF No. 1.  Plaintiff did not pay the filing fee for this case nor did he submit an in forma pauperis motion with the required supporting financial affidavit. Under the local rules of this Court, a party who files "a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3.  Because Plaintiff did not do so, this case could have been summarily dismissed without prejudice.

However, another reason to dismiss the case was more apparent - that is, Plaintiff's complaint was nonsensical and frivolous. ECF No. 1. Accordingly, a Report and Recommendation was entered on May 19, 2021, recommending the case be dismissed. ECF No. 3. That recommendation is still pending.

However, on June 10, 2021, Plaintiff submitted another document which he titled, "amended complaint." ECF No. 6. Rule 15 provides that a party may amend his or her pleading "once as a matter of course" within 21 days after serving it. Although it has been more than 21 days since the initial complaint was filed, service was not directed. Accordingly, Plaintiff is permitted to proceed with the amended complaint. ECF No. 6.

Notwithstanding, Plaintiff's amended complaint fares no better than the initial complaint. There are no facts presented, no claims articulated, and no explanation of why this case was filed in this Court. ECF No. 6. The document is, once again, frivolous.

Federal law permits a United States District Court to dismiss a case filed in forma pauperis, if it is satisfied that the action is frivolous or malicious. The Supreme Court has recognized two types of cases which may be dismissed sua sponte pursuant to 28 U.S.C. § 1915(d). <u>Neitzke v.</u>

Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless." *Id.* This case lacks an arguable basis in law and is incomprehensible. Even combining Plaintiff's initial complaint and amended complaint does not provide a complaint that complies with the Federal Rules of Civil Procedure. Plaintiff has not provided "a short and plain statement of the grounds for the court's jurisdiction," or "a short and plain statement of the claim showing that" he is entitled to relief as required by Federal Rule of Civil Procedure 8(a). Accordingly, neither Plaintiff's complaint, ECF No. 1, nor the amended complaint, ECF No. 6, are sufficient to proceed and it does not appear that providing additional time for Plaintiff to submit a second amended complaint would be beneficial. Because no claim is evident, there is no need to continue this case.

    Although Plaintiff did not pay the Court's filing fee and he has not been granted in forma pauperis status, there is no need to delay dismissal of this case only to resolve the issue of the filing fee. Because dismissal of the complaint is appropriate, it should be done sua sponte and without requiring Plaintiff to file an in forma pauperis motion or pay the filing fee.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, and his amended complaint, ECF No. 6, be **DISMISSED** as frivolous and this case be closed.

**IN CHAMBERS** at Tallahassee, Florida, on June 15, 2021.

    S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**